UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 20 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ANTHONY LAMBERT, #09-0171,

   Petitioner,

v.           CIVIL ACTION NO. 2:09cv230

JOHN R. NEWHART, Sheriff,

   Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On or about January 7, 2009, Petitioner, Anthony Lambert ("Lambert"), turned himself in to the Chesapeake Police Department after learning that he was going to be charged with burglary and grand larceny. Lambert Aff. ¶ 2. Lambert asserts that the state magistrate then ordered that he be held without bond. Lambert Aff. ¶ 4. On February 19, 2009, Lambert filed a Motion for a Bond

Hearing in the Circuit Court of the City of Chesapeake. Pet'r's Resp. Resp't's Mot. Dismiss Ex. D [hereinafter Pet'r's Resp.]. On March 12, 2009, the Circuit Court of the City of Chesapeake released Lambert pursuant to a recognizance bond of $20,000. Rep't's Br. Supp. Mot. Dismiss Ex. 1. It appears that Lambert did not exercise his right to appeal either the denial of bail or the reasonableness of his bond, as permitted under Va. Code § 19.2-124. On May 15, 2009, the General District Court of the City of Chesapeake held a preliminary hearing, and Lambert's trial was set for July 23, 2009. On June 2, 2009, the Grand Jury returned the indictments for grand larceny and statutory burglary as true bills. Lambert's trial was continued by the defense on two occasions and is currently scheduled for December 17, 2009.[1]

Lambert filed a number of petitions in both Virginia state courts and federal courts. Prior to his March 12, 2009 bond hearing, Lambert filed four (4) habeas corpus petitions.[2] On January 22, 2009, Lambert filed a petition for a writ of habeas

---

[1] The continuances and current trial date are not reflected in the pleadings because the petition and Motion to Dismiss were filed prior to those dispositions. The continuances and current trial date are reflected in the Circuit Court of the City of Chesapeake's online records.

[2] In addition to the habeas corpus petitions discussed herein, it appears that Lambert filed petitions for a writ of mandamus in both the Virginia Court of Appeals and the Supreme Court of Virginia. See Resp't's Br. Supp. Mot. Dismiss Ex. 5; Pet'r's Resp. Ex. E. However, this Court does not have any information regarding the content or timing of these petitions.

corpus in the Circuit Court of the City of Chesapeake.³ Then on February 11, 2009, Lambert filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Virginia, Alexandria Division. On March 4, 2009, the court determined that Younger v. Harris, 401 U.S. 37, 43 (1971), required the court to abstain, and dismissed the petition without prejudice. Lambert v. Newhart, No. 1:09cv162 (E.D. Va. Mar. 4, 2009). On February 17, 2009, Lambert filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Virginia, Alexandria Division. On April 3, 2009, the court dismissed that petition without prejudice because Lambert had not yet been convicted of any offense in state court.⁴ Lambert v. Newhart, No. 1:09cv176 (E.D. Va. Apr. 3, 2009). On March 6, 2009, Lambert filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Resp't's Br. Supp. Mot. Dismiss Ex. 5. On April 22, 2009, the Supreme Court of Virginia dismissed that petition pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205

---

³ This Court does not have any information regarding the status or disposition of the circuit court habeas corpus petition, other than Lambert's assertion that the "Circuit Court [r]efuse[d] to move on the [p]etition." Petition for Habeas Corpus ¶ 11(a)(7).

⁴ The court also noted that the petition could not be construed as a petition pursuant to 28 U.S.C. § 2241 because Lambert's prosecution was pending in state court, and under Younger, "a federal court may not interfere with an ongoing state criminal proceeding." Lambert v. Newhart, No. 1:09cv176, slip op. at 1-2 (E.D. Va. Apr. 3, 2009).

S.E.2d 680, 682 (1974).[5] <u>Lambert v. Sheriff of the City of Chesapeake</u>, No. 090437 (Va. Apr. 22, 2009). Lambert also filed a civil rights action in federal court, pursuant to 42 U.S.C. § 1983, against Sheriff John R. Newhart and the City of Chesapeake. On May 1, 2009, the court dismissed the case without prejudice because Lambert failed to comply with an order directing him to amend his complaint and remit the filing fee. <u>Lambert v. Newhart et al.</u>, No. 1:09cv177 (E.D. Va. May 1, 2009).

On May 19, 2009, after Lambert was released on a recognizance bond, he filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On July 16, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(K). Lambert filed a Response to Respondent's Motion to Dismiss on August 5, 2009.

### B. **Grounds Alleged**

Lambert asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) He was denied bail by the Chesapeake magistrate, in violation of his constitutional rights;

(b) The magistrate's denial of bail was arbitrary and capricious; and

---

[5] <u>Slayton</u> holds that claims that could have been raised at trial or on direct appeal, but were not, and that do not concern jurisdictional issues, cannot be addressed in habeas corpus proceedings. 215 Va. at 30, 205 S.E.2d at 682.

(c) He was denied a reasonable bond, in violation of the Equal Protection Clause.

As relief, Lambert asks this Court to "[g]rant a hearing." Petition for Habeas Corpus 16.

Lambert's petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on March 6, 2009, asserted substantially the same claims for relief as alleged in the instant petition. As discussed above, the Supreme Court of Virginia dismissed that petition on April 22, 2009.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that Lambert's petition is not cognizable under 28 U.S.C. § 2254 because he is not challenging a state conviction; furthermore, to the extent that the petition can be construed as a request for relief under 28 U.S.C. § 2241, it is moot because he has been released on a recognizance bond.

### A. Petition is Not Cognizable Under 28 U.S.C. § 2254

Federal habeas corpus review is available, pursuant to 28 U.S.C. § 2254, to "person[s] in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Lambert has not yet been convicted of any of the charges against him. Therefore, he cannot seek habeas corpus relief under 28 U.S.C. § 2254.[6]

---

[6] There is some authority to suggest that a final conviction is not a prerequisite to relief under 28 U.S.C. § 2254. See Thames v. Justices of Superior Court, 383 F. Supp. 41, 43 (D. Mass. 1974) ("Neither the statute nor the cases which have interpreted it require a final judgment of conviction before a federal court can

5

## B. Requested Relief is Unavailable Under 28 U.S.C. § 2241

Although Lambert cannot seek relief under 28 U.S.C. § 2254 because he has not been convicted, the Court can proceed on the petition pursuant to the broader habeas corpus statute in 28 U.S.C. § 2241. "A defendant released on his own recognizance is 'in custody' within the meaning of § 2241, whether he is awaiting sentence or awaiting trial." U.S. ex rel. Triano v. Superior Court of N.J. Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975) (citations omitted); see also Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-02 (1984) (concluding that a defendant released on bail or on his own recognizance pending trial is "in custody" for purposes of the habeas corpus statute).

Although Lambert is able to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, he is not entitled to the requested relief because he has been released on a recognizance

---

hear a habeas petition."); Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975) (concluding that when a petitioner is in custody pursuant to a detainer, his habeas petition is not premature just because he has not yet been convicted). However, the great weight of authority requires a state conviction, but allows petitions challenging pretrial detention to be filed pursuant to the broader habeas corpus statute in 28 U.S.C. § 2241. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-90 (1973); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998); Prince v. Bailey, 464 F.2d 544, 545 (5th Cir. 1972); Huff v. Virginia, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) ("A person held in [state] pre-trial detention would not be in custody pursuant to the judgment of a State court. Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." (quoting Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003)); Hirsh v. Smitley, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999).

6

bond. Lambert's petition raises three claims, all of which appear to challenge the sixty-nine (69) days that he spent in the Chesapeake City Jail after the state magistrate denied bail. Lambert asks this Court to "[g]rant a hearing," presumably to resolve the issue of his bail. Lambert was released on a $20,000 recognizance bond on March 12, 2009.

When Lambert filed his petition on May 19, 2009, he was no longer in jail, therefore, the issue is whether Lambert's petition challenging the denial of bail is moot. "Generally, a case becomes moot when the issues presented are no longer 'live' or the parties lack a 'legally cognizable interest in the outcome.'" Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). The sixty-nine (69) days of incarceration that Lambert served because he was denied bail cannot be undone. Furthermore, Lambert does not appear to challenge the reasonableness of the recognizance bond or the terms and conditions upon which he was released.[7] Because Lambert's

---

[7] The Court notes that the claims alleged in the instant petition are virtually identical to the claims alleged in Lambert's petition for writ of habeas corpus before the Supreme Court of Virginia, which was filed on March 6, 2009. Resp't's M. Dismiss Ex. 5. The Circuit Court for the City of Chesapeake did not set Lambert's $20,000 recognizance bond until March 12, 2009. Therefore, the claim that Lambert was "denied a reasonable bond" could not be challenging the reasonableness of the $20,000 bond. Because of the substantial similarity between Lambert's petition in the Supreme Court of Virginia and the instant petition, it appears that Lambert's reference to the denial of a reasonable bond refers to the previous denial of bail and is not a challenge to the circuit court's order on March 12, 2009, setting a $20,000

challenge to his bail determination no longer presents a live controversy, his claims are moot. However, there are two exceptions to the mootness doctrine that, if applicable, allow the court to consider the merits of the case: (1) "cases where collateral consequences give a sufficient stake in the outcome" and (2) "cases where the underlying factual predicate is capable of repetition yet evading review."

It is well-settled that a habeas corpus petition challenging a criminal conviction or sentence is not rendered moot when the petitioner is released after serving the applicable sentence. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). The rationale for entertaining such petitions is that a criminal conviction carries a presumption of collateral consequences that creates a continuing case-or-controversy despite the lack of physical custody. See Pollard v. United States, 352 U.S. 354, 358 (1957); Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). In this case, Lambert was denied bail, spent sixty-nine (69) days in jail, and was subsequently released on a recognizance bond pending his trial on the criminal charges against him. Because Lambert has not been convicted, there is no presumption that collateral consequences create a continuing case-or-controversy. See Spencer

---

recognizance bond. Even if Lambert were challenging the $20,000 recognizance bond, it appears that he has not exhausted his state remedies because he did not appeal the bond determination, as permitted under Va. Code § 19.2-124.

v. Kemna, 523 U.S. 1, 14 (1998) (concluding that there is no presumption of collateral consequences when a petitioner has been released from custody and seeks to challenge the propriety of the revocation of his parole). Furthermore, Lambert has not demonstrated that there are in fact any collateral consequences to the denial of his bail that would create a continuing case-or-controversy.

A court may also consider issues that are otherwise moot but "capable of repetition, yet evading review." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). However, this exception generally does not apply to challenges to the denial of pretrial bail. See Murphy v. Hunt, 455 U.S. 478, 482-83 (1982). In this case, Lambert has not demonstrated that there is a reasonable expectation that his bond will be revoked and that he will once again be denied bail pending trial on the criminal charges against him.

Therefore, because of Lambert's release on a recognizance bond, his claims are moot and this Court cannot decide the claims on the merits. Because the claims are moot, an evidentiary hearing is unnecessary and Lambert's request for an evidentiary hearing is accordingly DENIED.

### III. **RECOMMENDATION**

For the foregoing reasons, having found that Lambert's claims are moot, the Court RECOMMENDS that Lambert's petition for a writ

9

of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Lambert's claims be DISMISSED WITH PREJUDICE.

Lambert failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are

further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>U.S. v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 20, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony Lambert
231 Holiday Street
Suffolk, VA 23434
PRO SE

Robert Homer Anderson, III
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Respondent

By:     Fernando Galindo,
Clerk of Court

_____
Deputy Clerk

November 20, 2009