```
                UNITED STATES DISTRICT COURT         FILED
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division            JAN - 8 2010

ANTHONY LAMBERT, #09-0171,                       CLERK, U.S. DISTRICT COURT
                                                      NORFOLK, VA
           Petitioner,

v.                                    CIVIL ACTION NO. 2:09cv230

JOHN R. NEWHART, Sheriff,

           Respondent.
```

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's denial of bail on January 7, 2009, by the state magistrate, as a result of which he spent sixty-nine (69) days in the Chesapeake City Jail before he was released on a $20,000 recognizance bond on March 12, 2009.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on November 20, 2009, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On December 2, 2009, the Court received Petitioner's Objections to Magistrate's Report

and Recommendation (Doc. No. 11). The Court received no response from Respondent.

The majority of Petitioner's objection was a verbatim restatement of his Brief in Response to Respondent's Motion to Dismiss. The Court discerns only one objection to the merits of the magistrate judge's report and recommendation.[1] Petitioner

---

[1] Petitioner also objects to the magistrate judge's "finding that the Petitioner failed to demonstrate a substantial showing of a denial [o]f a Constitutional right." (Pet'r's Objections to Magistrate's Report & Recommendation 1-2.) Petitioner cites Clark v. Link, 855 F.2d 156 (4th Cir. 1988), and McDonald v. Dunning, 760 F. Supp. 1156 (E.D. Va. 1991), to support his contention that there has been a denial of a constitutional right. The Court notes that this finding was made in the context of recommending that the Court decline to issue a certificate of appealability, and was not a finding made on the merits of the petition.

In order to obtain a certificate of appealability, a habeas petitioner must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).

The Court finds that the magistrate judge's conclusion that Petitioner's claim is moot is correct. The cases cited by Petitioner both involve § 1983 claims for being detained before receiving an initial appearance before a court or magistrate. Although these cases deal with the constitutionality of pretrial detention to support a § 1983 claim, they do not control a decision on the mootness of an issue in a habeas corpus case. Furthermore, Petitioner failed to demonstrate that the decision is reasonably debatable. Therefore, Petitioner's objection to the denial of a certificate of appealability is overruled.

objects to the finding that the petition is moot. Petitioner argues that his "Habeas Petition is not moot. The Petitioner is in custody pursuant to the [p]retrial service that the Petitioner is under." (Pet'r's Objections to Magistrate's Report & Recommendation 2.)

In the Report and Recommendation, the magistrate judge acknowledged that "[a] defendant released on his own recognizance is 'in custody' within the meaning of [the habeas corpus statute]." U.S. ex rel. Triano v. Superior Court of N.J. Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975). Nevertheless, Petitioner's challenge to the denial of bail and the sixty-nine (69) days he subsequently spent in the city jail is moot because, prior to filing the instant habeas petition, he was released on a $20,000 recognizance bond.[2] The mere fact that Petitioner is "in custody" for the purposes of the habeas corpus statute does not mean that he is entitled to the relief requested or that the issue presented constitutes a "live" controversy that may be considered by the court. Petitioner failed to demonstrate that his case presents collateral consequences that create a continuing case-or-controversy or that the issue is "capable of repetition, yet

---

[2] The Court notes that according to the Circuit Court of the City of Chesapeake's online records, Petitioner was found guilty of the charges pending against him and is awaiting sentencing. The Court has no information regarding the status of Petitioner's detention pending sentencing in the matter.

3

evading review." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). Accordingly, Petitioner's objection is overruled.

The Court, having reviewed the record and examined the objections filed by Petitioner to the magistrate judge's report, and having made de novo findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on November 20, 2009, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the petition is moot. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 8, 2010